UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER STONE, INDIVIDUALLY, and ON BEHALF of ALL OTHERS SIMILARLY SITUATED

        Plaintiff,

-against-

MICHAEL TRAVIS, SHARON TRAVIS,
STONE TRAVIS, INC., MOLLY MO-HUE GE,
JOHN DOES 1-50

        Defendants.

---

ECF CASE

**SHAREHOLDER COMPLAINT**

CV 05-6249
(RPP)

Jury Trial Demanded

Plaintiff, Peter Stone by his attorneys the Law Offices of Leonard P. Morton, as and for his complaint alleges as follows:

NATURE OF THE ACTION

1. This action is brought by Peter Stone, individually, and as a shareholder derivative action brought in the right of, and for the benefit of nominal defendant Stone Travis, Inc. ("ST, Inc." or the "Company") against the defendants for their breaches of fiduciary duty, breach of contract, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment and other violations of law. Plaintiff seeks redress for the illegal, wrongful and oppressive actions of the defendants named herein.

## PARTIES

2. Plaintiff Peter Stone ("Plaintiff" or "Stone") is a natural person and was and is a resident of the State of New York, is a founder of ST, Inc. and was at all relevant times a shareholder of ST, Inc.

3. Nominal defendant ST, Inc. is a Delaware close corporation licensed to do business within the State of New York and which maintains its principal offices in the City and State of New York.

4. Defendant Michael Travis ("M. Travis" or the "CEO") is a natural person and was a resident of Lake Forest, Illinois at all times relevant to this action. Defendant Michael Travis serves as the Company's Chairman and Chief Executive Officer, at all times relevant to this action.

5. Defendant Sharon Travis ("S. Travis") (collectively with M. Travis, referred to as the "Individual Defendants") is a natural person and was a resident of Lake Forest, Illinois at all times relevant to this action. S. Travis is the wife of M. Travis, is a member of the Company's Board of Directors (the "Board") and serves as the Company's Secretary, Treasurer and Chief Financial Officer, at all times relevant to this action.

6. Defendant Molly-Hue Ge ("Ge") is a natural person and was a resident of Chicago, Illinois at all times relevant to this action. Defendant Molly-Hue Ge, upon information and belief, serves as a member of the Board, at all times relevant to this action.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that Plaintiff and defendants are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

8. This action is not a collusive one designed to confer jurisdiction on a court of the United States that it would not otherwise have.

9. Venue is proper in this District because the Company is licensed to do business in the State of New York, has its principal place of business in the City and State of New York, a significant portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this district. One or more of the defendants maintains executive offices in this district and the defendants have received substantial compensation from and in this district by engaging in numerous activities and conducting business here, which had an effect in this district.

## SUMMARY OF THE ACTION

10. This action arises out of the defendants' knowing and/or reckless, culpable violation of their obligations as corporate officers and directors, the complete absence of good faith on their part, the intentional and/or reckless disregard of their fiduciary duties to the Company and the shareholders, as well as breaches of fiduciary duties to and contractual obligations with the Plaintiff. As a result of the foregoing acts of gross mismanagement and breach of fiduciary duties, the Company and the plaintiff have been damaged in amounts in excess of several million dollars.

11. M. Travis has, upon information and belief, engaged, along with others, in numerous unauthorized and illegal acts including but not limited to: the breaches of contracts entered into with Plaintiff, the removal and appointment of members of the Board of Directors without authorization, the issuance and sale of shares of the Company without authorization, the transference of shares, corporate funds and other corporate assets to himself, his wife, family members and third parties without authorization, the conversion of corporate assets.

12. S. Travis conspired with M. Travis and others to and did join in the commission of the acts described above and numerous other unauthorized and illegal acts with regard to the Company and its assets.

13. All of the aforementioned actions were taken directly and solely in the personal interests of the Individual Defendants, were intended to dilute the Plaintiff's interest in the Company and to improperly wrest control of the Company and its assets from Plaintiff and to exclude him from participation in the management and profits thereof.

FACTS

14. Stone is an engineer, specializing in the design and creation of, among other things, pulleys and other tension-related devices for a variety of potential uses.

15. On or about March 8, 2004 M. Travis proposed to Stone that he could help Stone in the marketing and development of his designs by providing expertise in, among other areas, corporations and corporate formation, marketing, investing and finance.

16. On or about March 17, 2004 the parties formed ST, Inc. to promote, market and sell designs and/or products created by Stone.

17. The Board of Directors was initially comprised of three individuals, to wit, Stone, M. Travis, and Anton Vasyukevich ("Vasyukevich")(collectively referred to as the "Founders").

18. At the time of the formation of the Company, the Founders agreed that, unless agreed otherwise, the joint ownership interests of Stone and Vasyukevich in the Company would never decrease below sixty percent (60%).

19. At the time of the formation, one million shares were authorized to be issued but, pursuant to agreement, only 500,000 shares were so issued.

20. Additionally, the Founders agreed to split up an initial 250,000 shares among themselves as follows: 100,000 shares to be held and owned by M.Travis, 90,000 shares to be held and owned by Stone, and 60,000 shares to be held and owned by Vasyukevich.

21. The shares were issued to the Founders at an initial price of 10 cents per share.

22. It was also agreed that the other 250,000 shares would be issued solely to friends and family of the founders, that no more than the 500,000 shares issued, including those owned by the Founders, would be issued or sold.

23. Each of the Founders was, pursuant to their agreement, allowed to choose up to three family and friends who could purchase from a minimum of 2,500 shares up to a maximum of 10,000 shares at $1.00 per share.

24. Notwithstanding the terms of the agreement, the Individual Defendants, improperly and without authority, removed directors, including the Plaintiff, and appointed directors of their choosing over the objection of Plaintiff and Vasyukevich and in direct contravention of the clear will and intent of the shareholders as evidenced by a proxy vote.

25. After the proxy vote deadline of April 12, 2005, and after receiving all of the proxy votes in connection the election of directors, upon information and belief, the Individual Defendants realized that they did not have enough votes to control the Board.

26. Upon information and belief, the Individual Defendants, shortly thereafter, improperly sold and/or issued further shares without authorization to their associates or other related parties who could be and were, in fact, controlled by the Individual Defendants.

27. Upon information and belief, these additional shares were not offered for sale to the Plaintiff or Vasyukevich.

28. The offering, for sale, of such shares was improper and was in direct contravention of the agreement of the parties.

29. All of the actions of the Individual Defendants were taken in their individual interests, constituted breaches of their agreement with the Plaintiff and Vasyukevich as well as breaches of their fiduciary duties.

30. The Founders also agreed that in return for his participation in the formation of the corporation, the assignment of a certain number of his patents, his continued work on further, new designs and other work and unless and until agreed otherwise, Plaintiff would receive a salary from the Company.

31. Plaintiff's salary was set at an amount agreed to by the parties in their capacities as shareholders, officers and directors of the Company and was set at $1,000.00 per week from approximately May, 17 2004 until July 1, 2004. On or about July 1, 2004, Plaintiff's salary was increased to $10,000.00 per month (the "Monthly Payment").

32. On or about December 15, 2004, without reason or explanation, the defendants caused the Company to stop making the Monthly Payment to Plaintiff despite the fact that he had continued rendering the required services to the Company.

33. The conduct of Individual Defendants and Defendant Ge, who served as a member of the Board, complained of herein involves the knowing and/or reckless, culpable violation of their obligations as corporate officers and directors, the complete absence of good faith on their part, the intentional and/or reckless disregard of their fiduciary duties to the Company and the shareholders from which they should have been aware of serious injury to the Company. As a result of the foregoing acts of gross mismanagement and breach of fiduciary duties, the Company and the plaintiff have been damaged in amounts to be determined at trial but not less than fifteen million dollars ($15,000,000).

34. The Individual Defendants and Ge, in derogation of their responsibilities to the Company and its shareholders, failed to properly manage the affairs of the Company and failed to protect the interests of the Company and its shareholders. The Individual Defendants and Ge failed to adequately and honestly exercise control as required by law.

35. In addition to all the illegal and unauthorized acts specified herein, beginning some time between the date of the first meeting of directors on April 19, 2004 and the date of the second meeting of directors on December 21, 2004, the Individual Defendants, without explanation, cause or right excluded Plaintiff from all participation and positions in the Company's business, deprived him of all corporate and Company participation and benefits to which he was entitled pursuant to written agreements

between the Plaintiff and the Company and between the Plaintiff and the Individual Defendants and by virtue of his status as a shareholder.

36. Since the formation of the Company, Plaintiff has made repeated requests for documentation and information relating to the Company, including but not limited to, its finances, operations, the issuance of shares and the identity of its shareholders.

37. Not withstanding repeated requests, the defendants have failed to provide the Plaintiff with any information and denied him access to all corporate records and books.

38. Upon information and belief, the Individual Defendants have, without authorization or right, caused the transfer of significant assets of the business to themselves, their family members and associates and unidentified third parties.

39. Upon information and belief, Individual Defendants have, individually, without authorization or right, received and converted benefits from the Company, while simultaneously excluding and depriving Plaintiff of his proper share thereof.

40. Defendant Ge failed to adequately involve herself in the operation and oversight of the Company and failed to establish adequate internal controls over the management and affairs of the Company.

41. The Individual Defendants and Ge owed the Company the highest duty of loyalty and honesty which requires, at a minimum, conducting the affairs of the Company in a lawful manner. The Individual Defendants and Ge knowingly and/or recklessly and in the absence of good faith breached their fiduciary duties to the Company by, *inter alia*, failing to operate the Company in a lawful and honest manner so as to insure that the Company's business was carried on in a careful manner and that it financial assets were preserved.

42. The Individual Defendants directly participated in and controlled the management of the Company, were directly involved in the day-to-day operations of the Company at the highest levels and were privy to proprietary information concerning the Company and its business, operations, products, financial statements and financial condition, as alleged herein. They controlled all corporate records and finances.

43. Defendant Ge, as a Board member owed a duty to the Company and its shareholders to be reasonably informed about the business and operations of the Company. Rather than fulfill these important fiduciary duties owed to ST, Inc. and its shareholders, Ge, upon information and belief, actively participated in or knowingly encouraged, sponsored or approved many of the wrongful acts or omissions complained of herein, and breached her fiduciary duties to the Company and its shareholders by purposefully, recklessly and/or negligently disregarding these wrongful acts or omissions.

44. The Individual Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, controls and financial affairs of the Company. Specifically, they were required to, among other things:

(a) manage, conduct, supervise and direct the business and affairs of the Company in accordance with applicable state and federal laws, rules and regulations, the Company's charter and bylaws and with their agreements with the Plaintiff and the Company;

(b) neither violate, nor knowingly and/or recklessly permit any officer, director or employee of the Company to violate applicable state and federal laws, rules and regulations, the Company's charter and bylaws and with any agreements to which the Company is legally bound;

(c) exercise reasonable control and supervision over the Company, its officers and employees;

(d) maintain a proper division of authority and responsibility among the Company's officers and directors so as to prevent the dominance of any office or director in the conduct of its business and affairs;

(e) to exercise reasonable care in the evaluation of the prudence and soundness of the policies and practices proposed to be undertaken by the Company;

(f) insure that the Company did not engage in imprudent, unsound or improper practices or actions and to remain informed as to how the Company was, in fact, operating;

(g) upon receiving notice or information of unsafe, improper, unsound or imprudent practices, to make reasonable investigation in connection therewith, and to take steps to correct that condition or practice; and

(h) to act in good faith, in the best interests of the Company and its shareholders, and with the care that an ordinary prudent person would employ in taking action under similar circumstances.

45. Rather than fulfill their fiduciary duties as directors and officers of the Company, the Individual Defendants participated in a conspiracy to obtain personal financial benefit for themselves by virtue of their positions with the Company.

46. By virtue of this improper conduct the Individual Defendants sought to improperly and illegally obtain control over the Company and its assets and to enrich and further their personal and business interests by, among other things, improperly issuing

Company shares without authorization and selling themselves, their associates and family members these shares of Company stock at deflated prices.

47. The Individual Defendants and the majority of other members of the Company's Board of Directors directly participated in the charged misconduct and, as a result of their direct involvement in such action, a demand that they sue or take other appropriate action to correct the actions taken by the Individual Defendants would be futile.

48. The Individual Defendants acting directly and/or indirectly have violated their duty to exercise management stewardship of the Company, in part, by failing to provide adequate internal controls as well as to by failing to conduct the Company's business in a careful, prudent and honest manner.

49. The Individual Defendants, Ge and other Board members acting directly and/or indirectly have failed to devise and maintain an adequate system of internal financial and supervisory controls sufficient to provide reasonable assurances that the Company's assets would be safeguarded, its affairs would be conducted in accordance with management's general and specific authorization. As a result of the lack of adequate controls and the misconduct of the Individual Defendants, repeated wrongful, improper and illegal acts have occurred to the detriment of the Company and its shareholders.

50. As a direct and proximate result of the illegal and unauthorized acts of the Individual Defendants, their omissions and all other wrongful actions attributed to them herein, the Company, its shareholders and the Plaintiff have suffered damages as is set forth herein.

51. Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein after a reasonable opportunity for discovery.

## COUNT I

## (FOR AN ACCOUNTING)

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" inclusive of this Complaint as if set forth fully herein.

53. Plaintiff has repeatedly sought to review the books and records of the Company as well as other Company information and documentation to which he is entitled as a shareholder.

54. In response, defendants have refused to make such books and records, or any other Company information and documentation, available to Plaintiff.

55. Plaintiff has an absolute right to receive and review the books and records of the Company, and is entitled to an immediate accounting of all revenues, expenses and financial dealings of the Company since its inception.

## COUNT II

## (CONVERSION)

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "55" inclusive of this Complaint as if set forth fully herein.

57. Upon information and belief, the Corporate Defendants have wasted, wrongfully distributed, transferred, assigned or otherwise diverted, directly and indirectly, the business and assets of the Company to third parties and themselves.

58. By reason of the foregoing, the Corporate Defendants and all such third parties should be made to account for all sums, stock or other items of value they have received, diverted or taken from the Company and any of its assignees, and directed to pay such amounts into the treasury of the Company and be required to account to the Company for

all damages the Company has suffered as a result of the Defendants' improper acts and because of the waste, dissipation and depreciation of business and assets resulting from the Defendants' improper actions.

COUNT III

(BREACH OF FIDIUCIARY DUTY)

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" inclusive of this Complaint as if set forth fully herein.

60. Based upon information and belief, Plaintiff avers that the Defendants were fiduciaries with respect to the Company and its shareholders, as well as its assets and operations.

61. The Defendants breached their fiduciary duties to Plaintiff by, *inter alia*, failing to notice and convene meetings of the shareholders and directors of the Company, failing to account for proceeds and profits of the Company, failing to make distributions to Plaintiff as a shareholder in the same amount as made to the individual Defendants, transferring, assigning, conveying, diverting and distributing shares of stock, business and assets of the Company without authorization, notification to, and to the exclusion of, Plaintiff.

62. As a consequence of said breaches of fiduciary and contractual duties, the individual defendants are jointly and severally liable to the Company in an amount to be determined at trial but not less than $10,000,000.

63. As a consequence of said breaches of fiduciary and contractual duties, the individual defendants are jointly and severally liable to the Plaintiff in the amount to be determined at trial but not less than $10,000,000.

## COUNT IV

## (FOR RECEIVERSHIP)

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "63" inclusive of this Complaint as if set forth fully herein.

65. Based on the Conduct of all of the Individual Defendants to date, Plaintiff has a good faith belief that an independent receiver should be appointed by the Court over the operations of the Company to, among other things, ensure that Plaintiff's revenue share and payments for his services are properly calculated, maintained and paid over to him, and the assets and interests of the Company are preserved and protected.

66. Plaintiff has a good faith belief that his revenue shares and the assets of the Company will continue to be wrongfully appropriated and converted by the Individual Defendants, including being paid over to the Individual Defendants. He further has a good faith belief that the Individual Defendants, in particular, will operate the Company in such a manner that will diminish the good will that has been built as well as the Company's assets and future prospects, further diminishing the fair market value of Plaintiff's equity interest.

67. Based on the allegations raised herein, Plaintiff has a meritorious claim in this action, and a clear legal interest in the Company, its revenue and development. The property for which the receivership is sought consists of any revenue streams of the Company, its other assets and its unissued stock.

68. Due to the Individual Defendants improper and secret issuance of Company stock, it is impossible to know exactly what percentage of the Company the Plaintiff owns.

Upon information and belief Plaintiff's ownership, which he continues to maintain, is approximately 12.5%.

69. The Plaintiff's percentage of ownership, therefore, was improperly diluted from approximately 36%. Had the percentages of shares owned by Plaintiff and Vasyukevich not been diluted, the total ownership percentage of their combined shares would have exceeded 60% as the parties had originally agreed and intended.

70. Based on the foregoing, Plaintiff has no adequate alternative legal or equitable remedy to protect his equity and property interests in the Company. He has been wrongfully ousted by the Individual Defendants in his capacity as a member of the Board of Directors and has been cut off from participation in the Company or the profits therefrom.

71. Wherefore, based on the foregoing, Plaintiff prays that this Court appoint a receiver to take possession of all of the Company's assets and records and to preserve and protect them from further wrongful acts of the Individual Defendants.

WHEREFORE, Peter Stone, individually, and on behalf of all those similarly situated prays that judgment be entered in their favor as follows:

a) the issuance of an Order directing the individual defendants to make the books and all records available to Plaintiff for inspection and copying;

b) the issuance of an Order directing the Individual Defendants to account for all sums they have received or taken from the Company, and directing them to pay for all damages the Company has suffered as a result of the defendants' improper, unauthorized

and wrongful acts and because of waste, dissipation and depreciation of assets resulting from defendants' conduct;

    c)   damages against the individual defendants in an amount to be determined at trial but not less than fifteen million dollars ($15,000,000);

    d)   costs and disbursements of the within action as well as attorneys' fees incurred in connection therewith;

    e)   the appointment of a receiver to take control of the books and other assets of the Company;

    f)   such other and further relief in favor of the Plaintiff as the Court deems just and proper.

Dated:  New York, New York
         July 7, 2005

                                      Law Offices of Leonard P. Morton

                                      By:_____.
                                            Leonard P. Morton (LM 2757)
                                            Attorneys for Plaintiff
                                            600 Third Avenue, 15th Floor
                                            New York, New York 10016
                                            (212) 557-9600