UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PETER STONE, INDIVIDUALLY, and ON BEHALF
of ALL OTHERS SIMILARLY SITUATED,

                           Plaintiff,

                                                               05 Civ. 6249 (RPP)

                 - against -                                **OPINION AND ORDER**

MICHAEL TRAVIS, SHARON TRAVIS,
STONE TRAVIS, INC., JOHN DOES 1-50,

                          Defendants.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       Defendants Michael Travis, Sharon Travis, and Stone Travis, Inc. ("STI") move pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to dismiss the Amended Shareholder Complaint ("Am. Compl.") in its entirety for failure to state a claim upon which relief can be granted, failure to plead fraud with particularity, and lack of subject matter jurisdiction. For the reasons that follow, this motion is denied.

**DISCUSSION**

**Rule 12(b)(6)**

       In reviewing a motion to dismiss under Rule 12(b)(6), a court must limit its review to the Complaint and documents attached or incorporated by reference thereto. Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). A court must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." Mills, 12 F.3d at 1174. A court may not dismiss a complaint under Rule

12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quotation marks and citation omitted).

I. **Securities Fraud Claim**

Defendants move for dismissal of Plaintiff's first claim that defendants Michael and Sharon Travis committed securities fraud in violation of Rule 10(b)(5) promulgated under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78(j)(b)) by "ma[king] material misrepresentations and omitt[ing] material facts in order to fraudulently and wrongfully induce Plaintiff to invest $23,000.00 in the Company [STI]." (Compl. ¶ 66.) Defendants charge that dismissal of this claim is warranted for failure to comply with the particularized pleading requirements of Fed. R. Civ. P. 9(b) ("Rule 9(b)") and the federal securities laws. Defendants also assert that Plaintiffs fail to state a claim upon which relief can be granted because "insofar as the alleged 'misrepresentations' can even be discerned, they are either forward-looking statements that are not alleged to have been false when made, or nonsensical statements that either could not have been made or could not have been relied upon under the facts alleged in the Complaint." (Memorandum of Law in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(b) & 12(b)(1) & (6) ("Def. Mem. in Support"), 7).

**Rule 9(b)**

Rule 10(b)(5) "proscribes persons from making untrue or misleading statements of material fact in connection with a securities transaction." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). In order to comply with Rule 9(b), which requires that fraud be pled with particularity, a Rule 10(b)(5) plaintiff's complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Id. (citing to Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989)).

Defendants claim that the Complaint fails to comply with these Rule 9(b) requirements by failing to state with particularity who made the alleged misrepresentations and omissions and when and where they were made. (Def. Mem. in Support, 8-9.) Defendants argue that the Complaint also does not specify the content of the alleged misrepresentations. (Id. at 10.)

Plaintiff requests leave of this Court to amend its Complaint, stating that "[a]ny defect relating to the particularity of Plaintiff's fraud claims is cured by the Plaintiff's proposed Second Amended Complaint" ("2nd Am. Compl."). (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(b) & 12(b)(1) & (6) ("Plaintiff's Mem. in Opp.")). Fed. R. Civ. P. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." The United States Supreme Court stated:

> [T]his mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In

the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

Forman v. Davis, 371 U.S. 178, 182 (U.S. 1962). Here, there is no evidence of undue delay, bad faith, or dilatory motive by Plaintiff or undue prejudice to Defendants. Therefore, Plaintiff's request for leave to amend their Complaint and file the 2nd Amended Complaint is granted, and the Court will consider the 2nd Amended Complaint in deciding this motion.

Plaintiff's 2nd Amended Complaint sets forth the alleged misrepresentations and omissions made by Michael and Sharon Travis, states where and when the statements were made, and explains why the statements were fraudulent. See 2nd Am. Compl. ¶¶ 86-109. Accordingly, the Complaint satisfies the requirements of Rule 9(b). See Mills, 12 F.3d at 1175.

**Actionable Securities Fraud**

To state a cause of action under Section 10(b) and Rule 10(b)(5), a plaintiff must plead that the defendant made a false statement or omitted a material fact, with scienter, and that plaintiff's reliance on defendant's action caused plaintiff injury. Kalnit v. Eichler, 264 F.3d 131, 138 (2d Cir. 2001). The requisite state of mind, or scienter, in this type of action that the plaintiff must allege is "an intent to deceive, manipulate or defraud." Id. (citations omitted). The language of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Pub. L. No. 104-67, 109 Stat. 737, "did not change the basic pleading standard for scienter in [the Second] circuit." Novak v. Kasaks, 216 F.3d 300, 307 (2d Cir. 2000). Therefore, a plaintiff can establish fraudulent intent "either

4

(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Kalnit, 264 F.3d at 138-39 (citations omitted).

Here, Plaintiff sufficiently states "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." See Novak, 216 F.3d at 311. For example, Plaintiff alleges that Michael Travis stated that he had five hundred thousand dollars to capitalize the Company (2nd Am. Compl. ¶ 90) and that he had access to an additional five hundred thousand dollars in investment capital which he could invest (Id. ¶ 91). Plaintiff contends that these statements were known to be false to the Travises because they invested a "miniscule [amount] in relation to the amount of money they originally promised to invest" and because the Travises were evicted from their residence for failure to pay rent. (Id. ¶¶ 93-94.) Plaintiff claims that Michael Travis stated that if Plaintiff assigned his patents to the Company, Plaintiff and his son, Anton Vasyukevich ("Vasyukevich") would always own 60% of the Company shares, but then the Travises later reneged on this promise and "took illegal and unauthorized actions to take control of the Board." (Id. ¶¶ 95, 98.) In another example, Plaintiff alleges that Michael Travis told him he had a deal with Walgreen's for the purchase of one hundred thousand units of Plaintiff's invention, the Display Organizer, which would have led to a significant profit. (Id. ¶ 104.) Plaintiff asserts that this statement by Travis was not true and that "no business was ever conducted between the Company and Walgreen's." (Id. ¶ 105.) Plaintiff contends that he was induced by Defendants' misrepresentations to form the Company with the Travises and assign his patents to, and invest $23,000 in, the Company. (Id. ¶¶ 86-87, 101, 104, 108-112.) Plaintiff also claims that Defendants,

5

among other things, issued more shares in Company stock than had been authorized (¶ 17), improperly removed Plaintiff as a member of the Board (¶ 23), and broke their promises to maintain the 60%/40% split in ownership percentages between the Stone Shareholders and the Travis Shareholders (¶ 24).

Plaintiff has sufficiently pled fraudulent intent by showing motive and opportunity and strong circumstantial evidence of conscious misbehavior or recklessness. Kalnit, 264 F.3d at 138-39. Since Plaintiff has satisfied the requirements of Section 10(b) and Rule 10(b)(5), Defendant's motion to dismiss Plaintiff's claim of securities fraud is denied.

**The 12(b)(1) Motion**

Furthermore, with respect to Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), an issue of fact has been raised by Plaintiff counsel's letter to the Court dated January 27, 2006 ("Morton Letter, 1/27/06"). In the instant case, Defendants claim that the Complaint alleges that the principal place of business of the defendant, STI, and the Plaintiff's residence are in the same state, New York. (Defendants' Mem. In Support of Motion to Dismiss, 13). Defendants assert that because corporations are deemed citizens of the state of their principal place of business, pursuant to 28 U.S.C. § 1332(c)(1), the Company and Plaintiff are non-diverse. Plaintiff's counsel, however, claims that a recent complaint filed by Defendant STI in the United States District Court for the Northern District of Illinois states that STI has its principal place of business in Lake Forest, Illinois. (Morton Letter, 1/27/06.) In response, Defendants agreed to withdraw that portion of their motion to dismiss that is based on lack of diversity jurisdiction because "diversity jurisdiction appears to exist."

(Caplan Letter, 2/1/06.) Accordingly, this court has subject matter jurisdiction over Plaintiff's claims.

## II. Derivative Claims

Defendants argue that Plaintiff's derivative claims (which Defendants believe include, in whole or in part, at least Count II (seeking an accounting), Count VI (unjust enrichment at the expense of the Company), Count VII (breach of fiduciary duty owed to the Company), Count VIII (gross mismanagement of Company business and waste of Company assets), and Count IX (for a receivership)) should be dismissed for failure adequately to plead futility of demand on the Board of Directors of STI. Defendants contend that the Complaint does not allege with particularity facts showing that a majority of the Board participated in the alleged misconduct or why a pre-suit demand on the Company's Board would have been futile. (Def. Mem. in Support, 15.)

Plaintiff asserts that the members of the Board at the time of initiation of this action were Defendants, their son, and two others (Ge and Westley), who were all "controlled by and/or conspired with" the Travises. (2nd Am. Compl. ¶¶ 49-50.) Plaintiff claims that the Travises "mismanaged the Company and attempted to enrich themselves and their associates at the expense and in derogation of the interests of the Plaintiff, the other shareholders and the Company" (Id. ¶ 55) and that they "knew and conspired, from the very inception of the Company, to remove Plaintiff from any and all positions of control in the Company and embarked on a scheme to dilute Plaintiff's equity position and control of the Board" (Id. ¶ 63). Although Plaintiff has acknowledged that Plaintiff cannot make a precise statement regarding the exact number of members on the Board as a result of the Defendants' removal and appointments of Board members (2nd Am.

7

Compl., 14), Plaintiff has alleged facts concerning Defendants' control over the Board, which constitute with sufficient particularity the reasons why a demand upon the Company to take action would have been futile before the initiation of a shareholder action. This ground of Defendants' motion is denied.

III. **Breach of Contract Claims**

Plaintiff claims that Defendants breached an agreement with Plaintiff to maintain the stock ownership percentages between the Plaintiff and Vasyukevich and their friends and family ("Stone Shareholders") and that of the Travises and their friends and family ("Travis Shareholders") at 60%/40%. (See Plaintiff's Memo in Opp., 3-4.) Plaintiff also claims that Defendants caused the Company to stop making agreed upon salary payments to Plaintiff on December 15, 2004, although Plaintiff continued to perform his duties until his resignation on July 7, 2005. (Id. at 4-6, 2nd Am. Compl. ¶ 130.)

Defendants move for dismissal of Plaintiff's breach of contract claim because the "Preliminary Agreement" between Plaintiff and Defendants does not provide that the holdings of Plaintiff and his son would never fall below 60% of the Company's issued outstanding shares, and neither the Preliminary Agreement nor the Employment Agreement imposes any term for Plaintiff's employment by the Company nor provides any "notice" or "cause" requirements for his termination. (Def. Mem. in Support, 16.) Defendants claim that the written agreements between the parties are "subject to a merger clause stating that they constitute the parties' entire agreement and disclaiming any other promises." (Id. at 16.)

Defendants' motion papers have not shown that the Preliminary Agreement, which does not contain a merger clause, is covered by the merger clause in the

8

Employment Agreement (See Def. Mem. in Support, 6-7; Plaintiff's Mem. in Opp., 15-19.) In addition, Defendants offer no facts to oppose Plaintiff's claim that Plaintiff was never fired and that therefore his compensation under the Employment Agreement has been wrongfully withheld. (Plaintiff's Mem. in Opp., 19-21.) Accordingly, Plaintiff's breach of contract claims stand.

## IV. <u>Illinois Statutory Claims</u>

Defendants move to dismiss Counts X and XI of Plaintiff's Complaint alleging claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 & 505/10a and the Illinois Securities Law of 1953, 815 Ill. Comp. Stat. 5/12 & 5/13, arguing that the transactions allegedly took place outside of Illinois. However, Plaintiff's 2nd Amended Complaint does allege that Defendants reside in Illinois (2nd Am. Compl. ¶ 5), Plaintiff traveled to Chicago to contract with Defendants (Id. ¶ 18), and that acts of fraud were committed by the Defendants while Plaintiff was meeting with them in Chicago (Id. ¶¶ 19-24, 88-103, 107-109.) Because there is a question of fact about where STI has its principal place of business (see discussion supra p. 6), where much of its business is conducted, and where the alleged fraud took place, Plaintiff's Illinois statutory claims stand.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is denied.

IT IS SO ORDERED.

Dated: New York, New York
       February 9, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**

*Counsel for Plaintiffs:*

Law Offices of Leonard P. Morton
600 Third Avenue, 15th Floor
New York, NY 10016
Phone: (212) 557-9600
Fax:   (212) 557-9610

*Counsel for Defendants:*

Labaton, Sucharow & Rudoff, LLP
By:    Brian D. Caplan
       Barry Michael Okun
100 Park Avenue
New York, New York 10017
Phone: (212) 907-0846
Fax:   (212) 818-0477