**STONE TRAVIS INC**
P.O. Box 644, Lake Forest, Illinois 60045
Tel: 224-436-7276
email: stonetravis2004@yahoo.com



April 21, 2010

**MEMO ENDORSED**

Honorable Judge Robert P. Patterson
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York, 10026

RE: *Peter Stone v. Michael Travis et. Al.* Docket #CV 05 6249 (RPP)(JM)
    CONFIDENTIAL SETTLEMENT AGREEMENT

Dear Judge Patterson:

I am in receipt of your MEMO ENDORSEMENT, copy attached. I have also attached a copy of my March 30, 2010 letter with your April 9, 2010 note.

With no disrespect, paragraph #34 clearly states that "the Court shall retain jurisdiction over the matter and any disagreement relating to the performance of this agreement." I have attached a copy of pages #14 and #15 of the Confidential Settlement Agreement.

Peter Stone, Anton Vasyukevich, Leonard Morton, GIS Group etc. have not provided Stone Travis Inc. with mandated Quarterly reports.

Peter Stone, Anton Vasyukevich, Leonard Morton, GIS Group etc. refuse to provide Stone Travis Inc. with a simple Hold Harmless Agreement.

The Confidential Settlement Agreement, paragraph #34 clearly states that "in the event of a disagreement relating thereto or as the result of alleged non-performance, the parties agree that this matter may be restored to the Courts calendar for disposition of such matters by the Court."

Once again and on behalf of Stone Travis Inc, and its stock holders, I respectfully request that you reconsider your decision and set a time and date that is convenient to rule on my requests. Thank you for your consideration.

Sincerely

Michael Travis
Stone Travis Inc.

Enclosures:
- Pages #14 and #15 of the Confidential Settlement Agreement
- MEMO ENDORSEMENT, March 30, 2010 letter with April 9, 2010 note.

*Handwritten memo endorsement:* Application Denied in part. Before getting the Court involved, counsel of the parties should be reached to see if they cannot obtain the relief requested by consent. The parties are not necessarily conveniently located to travel to New York City. This type of dispute should be attempted to be resolved before resort to the Court. So ordered.
RPP  4/23/10

*SEE ATTACHED TYPEWRITTEN*
*MEMO ENDORSEMENT*

Case:      Stone v. Travis, et al.
Index No.  05 Civ. 6249 (RPP)


**MEMO ENDORSEMENT READS:**

    Application denied in part.

    Before getting the Court involved, Counsel for the parties should be reached to see if they cannot obtain the relief requested by consent. The parties are not necessarily conveniently located to travel to New York City. This type of dispute should be attempted to be resolved before resorting to the Court.

    So Ordered.

                      *Robert P. Patterson, Jr., U.S.D.J., 4/24/10*



29. This Agreement and the rights, interests and obligations hereunder may not be assigned by any of the parties hereto without the written consent of the parties, except that STI may assign its right to receive payments and reports pursuant to Paragraphs 7, 10, 11, 12, and 13 above without the consent of any other party, with STI, MT, and ST retaining all their other obligations under this Agreement in the event of such an assignment.

30. This Agreement may be executed in counterparts, each of which shall be deemed to be an original but all of which together shall constitute one agreement.

31. No waiver of any provision of this Agreement or amendment thereto shall be effective unless it is in writing and signed by the party or parties sought to be bound thereby.

32. This Agreement shall be binding upon and shall inure to the benefit of the heirs, legal representatives, administrators, successors and assigns of the parties.

33. The construction and interpretation of this Agreement and all disputes and matters arising hereunder shall be governed by the laws of the State of New York.

34. Subject to the Court's approval, the Court shall retain jurisdiction over the matter and any disagreement relating to the performance of this agreement. In the event of a disagreement relating thereto or as the result of alleged non-performance, the parties agree that this matter may be restored to the Court's calendar for disposition of such matters by the Court. In the event the Court declines or is unable to assume jurisdiction over this matter, any disputes relating to this Agreement or the subject matter thereof shall be determined by the courts of the State of New York.

35. In the event that any party to this Agreement shall be forced or required to seek enforcement of any provision of this agreement in any court, the unsuccessful party in such proceeding shall be responsible to the other(s) for the reasonable legal expenses incurred by the successful party in such proceeding notwithstanding the finances of the successful party.

36. If any party to this Agreement, whether by action, counterclaim, proceeding, defense or otherwise, seeks to set aside this Agreement or any exhibits thereto, or any terms or conditions thereof, on the grounds that the same are invalid, void, or against public policy for any reason, including but not limited to, claims of incompetency, fraud, coercion, duress, undue influence or mistake in inducement, the moving party shall reimburse the opposing party and be liable for any and all of said party's reasonable expenses, costs and attorneys' fees provided and to the extent that such action, proceeding, *etc.*, results in a decision, judgment, decree, order or other mandate dismissing or rejecting such claims in whole or in part.

37. Any and all notices, designations, consents, offers or other communications provided for herein shall be given in writing by certified mail, return receipt requested, which shall be addressed in the case of STI or MT or ST to its offices located at 736 North Western Avenue, Lake Forest, Illinois 60045, and in the case of GIS or PS or AV, to Leonard P. Morton, Esq., 600 Third Avenue, 15th Floor, New York, New York 10022, and in the case of any other party to their address as set forth herein or such other address as may be designated by them. Each such notice shall be deemed given at the time mailed. The parties may change the addresses to which such notices, consents, offers, or other communications are to be sent to them only by means of a

15

**STONE TRAVIS INC**
P.O. Box 644, Lake Forest, Illinois 60045
Tel: 224-436-7276
email: stonetravis2004@yahoo.com



March 30, 2010

MEMO ENDORSED

Honorable Judge Robert P. Patterson
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York, 10026

RE: *Peter Stone v. Michael Travis et. Al. Docket #CV 05 6249 (RPP)(JM)*
    CONFIDENTIAL SETTLEMENT AGREEMENT

Dear Judge Patterson:

Pursuant to paragraph #34 of the above subject matter (copy attached); an equitable remedy by the court is needed with regard to the following:
- Paragraph #18 (copy attached)
- Paragraph #13 (copy attached)

Stone Travis Inc., as authorized under the terms in the Confidential Settlement Agreement, would like to utilize various components of the following patents: #7073780, #7226043, #7234686 and #7302740.

Since Stone Travis Inc. is not privileged to the business model, marketing and or sales strategies that have been or are currently being implemented by the Peter Stone, Anton Vasyukevich, Leonard Morton, GIS Group etc., I requested from Leonard Morton a Hold Harmless Agreement. (Letter attached) A Hold Harmless Agreement that would protect all parties, including current associates, assignees and anyone else who may have a business relationship with the Peter Stone, Anton Vasyukevich, Leonard Morton, GIS Group etc. as well as potential clients, joint venture partners, licensees, product engineers, manufactures, distributors, etc. that Stone Travis Inc. may be associated with. On behalf of his group, Leonard Morton, has refused.

Stone Travis Inc. stock holders have patiently waited for a period of over 2.5 years for the Stone, Vasyukevich, Morton, GIS Group to pay anything towards the agreed $620,000.00 or the minimum $20,000.00 that was called for in the Confidential Settlement Agreement, but has of this writing Stone Travis Inc. has received zero dollars. Stone Travis hasn't even received all quarterly sales reports that are required under the terms of the Confidential Settlement Agreement. (#12, #13 and #18 are attached)

Stone Travis Inc. has identified potential opportunities in the following business sectors: Home improvement, mining, safety and sailing. Stone Travis Inc. along with potential clients, joint venture partners, licensees, product engineers, manufactures, distributors, etc. now have a right to compete, compete without the fear of an action of any kind whatsoever, hence a hold harmless agreement.

On behalf of Stone Travis Inc. and its stock holders, the following is asked of the court:
1. A court order that requires a hold harmless agreement.
2. A court order that requires an audit of the Stone, Vasyukevich, Morton, GIS Group etc. books. Stone Travis Inc. stock holders find it hard to believe that Plaintiff Peter Stone would bring a 40 million dollar action, and then agree, as he did, to pay a settlement in the amount of $620,000.00 without having a genuine belief that adequate profits could be made to pay something towards the $620,000.00 settlement and make of profit for his group. Hence, the requested audit.

On behalf of Stone Travis Inc, and its stock holders, I respectfully request that the court set a time and date that is convenient to rule on my requests. Thank you for your consideration.

Sincerely,

*[signature]*

Michael Travis
Stone Travis Inc.

Enclosures:
- Pages 8, 10 and 14 of the Confidential Settlement Agreement
- Leonard Morton December 21, 2009 and February 25, 2010 correspondence

cc: Peter Stone, Anton Vasyukevich and Leonard Morton – (letter by regular USPS mail)

Certified Mail: #7007 2560 001 9846 2997

---

SEE ATTACHED TYPEWRITTEN
MEMO ENDORSEMENT

*[handwritten]* Application denied. This case is closed by a stipulation of dismissal with prejudice entered 1/15/10. So ordered.

*[signature]* RPP USDJ
4/19/10

Case 1:05-cv-06249-RPP   Document 129   Filed 04/26/10   Page 7 of 7

**Case:** Stone v. Travis, et al.
**Index No.** 05 Civ. 6249 (RPP)

## MEMO ENDORSEMENT READS:

Application denied.

This case is closed by a Stipulation of Dismissal with prejudice entered 11/5/07.

So Ordered.

*Robert P. Patterson, Jr., U.S.D.J., 4/9/10*

